UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

SAMMY DYER, )
 )
    Petitioner, ) Civil Action No. 15-004-HRW
 )
v. )
 ) **MEMORANDUM OPINION**
JODIE SNYDER-NORRIS, *Warden*, ) **AND ORDER**
 )
    Respondent. )

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Sammy Dyer is an inmate incarcerated at the Federal Correctional Institution in Ashland, Kentucky. Dyer has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1]. Dyer challenges his sentence, contending that the trial court improperly enhanced his sentence based on a state court charges that were dismissed in 1996 prior to his sentencing in the federal case and that the federal prosecutor failed to inform the court of that dismissal. Dyer seeks immediate release from confinement.

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Dyer is not represented by an

attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), and liberally construes his claims.

But even liberally construing Dyer's claim, this Court cannot grant Dyer the relief he seeks, *i.e.*, the immediate release from custody. The Court will therefore deny Dyer's § 2241 petition and dismiss this proceeding.

## BACKGROUND

In 1996, Dyer was charged in the Western District of Michigan with drug trafficking offenses in violation of 21 U.S.C. §§ 841(a) (1), (b) (1) (A), and 846. *See United States v. Sammy Dyer*, et al., No. 1:96-cr-084 (W.D. Mich. 1996).[1] Dyer proceeded to trial. On March 7, 1997, a jury found him guilty on these charges. [*Id.*, at R. 227 therein]. On July 2, 1997, Dyer was sentenced and received a 360-month term of imprisonment, to be followed by a ten-year term of supervised release, and a fine of $6,780.00. [*Id.*, at R. 295 therein].

Dyer's appeal of his conviction and sentence was unsuccessful. On February 9, 1999, the Sixth Circuit Court of Appeals affirmed both his conviction and sentence. *United States v. Sammy Dyer*, No. 97-1748, 1999 WL 115495 (6th Cir. February 9, 1999). Thereafter, in June of 1999, the United States Supreme

Court denied Dyer's petition for a writ of certiorari. *See United States v. Sammy Dyer, et al.*, No. 1:96-cr-084 (W.D. Mich. 1996) [R. 388 therein].

Subsequently, on September 3, 2004, Dyer filed a motion to vacate his sentence under 28 U.S.C. § 2255. The court is unable to review the arguments Dyer made in support of that motion because, as stated earlier, Dyer's criminal case predates the advent of PACER, resulting in this Court being unable to the Court is unable to electronically access this motion. Nevertheless, on January 4, 2005, Dyer moved to dismiss that § 2255 motion, recognizing that it was time-barred. [*Id.*, at R. 477 therein]. The trial court dismissed Dyer's § 2255 motion on March 17, 2005. *Id.*

Thereafter, on November 3, 2014, Dyer moved for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c) (2). [*Id.*, at R. 797 therein]. In response to that motion, U.S. Probation Officer Amber L. Gonzalez reported that it appeared that Dyer was eligible for a reduction of sentence under 18 U.S.C. § 3582(c) (2).[2] [*Id.*, at R. 801]. On November 17, 2014, the trial court held Dyer's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) in abeyance pending further orders of the court; however, the trial court informed Dyer that he could petition the Court for earlier resolution of this motion upon a showing that his prospective release date is before November 1, 2016. [*Id.*, at R. 802]. A review of

3

the docket sheet of Dyer's underlying criminal case reflects that his 18 U.S.C. § 3582(c)(2) motion remains in abeyance. [*Id.*, at R. 802].

## CLAIMS ASSERTED IN § 2241 PETITION

In the present § 2241 habeas petition, Dyer appears to claim that his sentence was improperly enhanced under § 2D1.1(b)(1) of the United States Sentencing Guidelines in that the sentence was based on false information contained in the Presentence Investigation Report. As to the "false information," Dyer refers to state court charges that were filed against him on September 21, 1995, in the 14th Circuit Court in Muskegon, Michigan, but were dismissed on January 8, 1996, on the prosecutor's motion of nolle prosequi.[3] [R. 1-1, Page ID#9]. Thus, Dyer was not convicted in state court on these charges. Reading between the lines, it appears that the dismissed state charges concerned drug trafficking and a conspiracy to distribute drugs, ostensibly the same activity on which the federal charges were based. In essence, Dyer was prosecuted for this unlawful drug trafficking activity in federal court instead of state court. Dyer appears to claim that if his sentence had not been erroneously enhanced by four-level increase in his offense level due to "false information," he would have been subject to a sentence ranging from 235-293 months and that since he has already served 235 months in custody, he is entitled to immediate release from custody.

4

## DISCUSSION

As a threshold matter, Dyer's challenge to his sentence may not be pursued in this habeas proceeding under Section 2241. Such claims must be pursued by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being executed, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

The narrow "safety valve" provision found in Section 2255(e) permits a prisoner to challenge the legality of his conviction through a Section 2241 petition only where the remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The Sixth Circuit permits a prisoner to take advantage of this provision when, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241.").

5

Dyer's challenge to his sentence, as opposed to his conviction, does not fall within the reach of the savings clause. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."); *United States v. Poole*, 531 F .3d 263, 267 n.7 (4th Cir. 2008) (federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only their sentence."); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed."). This Court has applied this rule to challenges to sentencing enhancements, an approach approved by the Sixth Circuit. *Cf. Johnson v. Cauley*, No. 09-52-HRW (E.D.Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (claim that sentencing court improperly enhanced conviction based upon prior state conviction is not cognizable under Section 2241).

Consequently, this Court is not authorized to grant Dyer any relief on his § 2241 habeas petition. However, Dyer is not without a potential avenue for relief. Dyer has the option to file a motion in the United States Court of Appeals for the

Sixth Circuit requesting leave to file a belated second or successive motion in the trial court, presenting the same argument to the trial court that he makes herein.

## CONCLUSION

For the reasons discussed above, it is hereby **ORDERED** that:

1.  Petitioner Sammy Dyer's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

2.  This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This 6th day of July, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge